E-filed **11/18/08**

1

2

3

4

5

6

7

8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

**SAN JOSE DIVISION**

11

| | |
|---|---|
| 12  REGINALD BRONNER, | Case Number C 03-05742 JF (RS) |
| 13              Plaintiff, | ORDER[1] DEFERRING DETERMINATION OF |
| 14       v. | DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND |
| 15  UNUM LIFE INSURANCE COMPANY OF AMERICA ET AL., | GRANTING PLAINTIFF'S APPLICATION TO FILE |
| 16              Defendants. | SUPPLEMENTAL BRIEF |
| 17 | |
| 18 | [Re: Docket No. 85, 90] |

19

20        Defendants Unum Life Insurance Company Of America ("Unum") and Telogy, Inc.

21  Group Long Term Disability Policy Plan (the "Plan") filed the instant motion for summary

22  judgment on September 11, 2007.  On July 1, 2008, this Court deferred determination of the

23  motion to allow Plaintiff Reginald Bronner ("Bronner") to pursue "focused discovery" and set a

24  ninety (90) day deadline for supplemental briefing on Defendants' motion.  *See* Order Deferring

25  Determination of Motion for Summary Judgment and Granting Limited Discovery (the "Order")

26  at 3.  Within the court-ordered deadline, Unum filed a supplemental brief in support of the

27

28        [1] This disposition is not designated for publication in the official reports.

Case No. C 03-05742 JF (RS)
ORDER DEFERRING DETERMINATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
GRANTING PLAINTIFF'S APPLICATION TO FILE SUPPLEMENTAL BRIEF
(JFEX1)

1   motion, and thereafter renoticed the motion for hearing.  Bronner did not file a supplemental

2   brief before the deadline.  However, on October 16, 2008 – after expiration of the ninety-day

3   deadline – Bronner filed an application for late filing of a supplemental brief.  Defendants oppose

4   Bronner's application for an extended deadline.  For the reasons discussed below, the Court will

5   defer determination of Defendants' motion and grant Bronner an extension of time to file

6   substantive opposition.

7                                    **I.  BACKGROUND**

8          Bronner suffered a heart attack shortly after becoming employed by Telogy, Inc., and he

9   was unable to return to work.  Order at 2.  After paying Bronner short-term disability benefits,

10  Unum denied Bronner long-term disability benefits on the ground that he had a pre-existing heart

11  condition that rendered him ineligible for long-term benefits.  *Id.* at 2-3.  Bronner appealed the

12  decision, but coverage again was denied by Unum. *Id.* at 3-4.  Thereafter, he filed the instant

13  ERISA action against Unum and the Plan. *Id.* at 4.  More than a year after the complaint was

14  filed, Unum notified Bronner that he was entitled to have his claim reassessed.[2] *Id.*  Bronner

15  decided to participate in the reassessment process, and the Court stayed the instant proceedings.

16  *Id.*  However, Bronner did not file the reassessment forms on time, and Unum terminated him

17  from the reassessment program.[3] *Id.*  The Court lifted the stay.

18         On September 11, 2007, Defendants filed the instant motion for summary judgment.

19  Unum argued that its denial of long-term disability benefits to Bronner must be reviewed for

20  abuse of discretion, and that it did not abuse its discretion in denying benefits.  In the alternative,

21  Unum asserted that even under a *de novo* standard of review, its denial of benefits was proper.

22  The Plan asserted that is has no independent liability to Bronner.  Bronner opposed the motion

23  _____

24         [2]Unum offered Bronner the reassessment option pursuant to a settlement agreement that it
    had reached with forty-seven states in connection with government investigations into its claim-
25  handling procedures.  Order at 4.

26
           [3]Bronner argues that he could not have filed the reassessment forms on time because
27  Unum did not send him the forms until after the deadline had passed; Unum represents that it
    sent the forms by mail to Bronner prior to the deadline.
28

                                            2

Case No. C 03-05742 JF (RS)
ORDER DEFERRING DETERMINATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
GRANTING PLAINTIFF'S APPLICATION TO FILE SUPPLEMENTAL BRIEF
(JFEX1)

1   and sought additional discovery pursuant to Fed. R. Civ. Pro. 56(f).  Bronner argued that this

2   Court should review Unum's decision *de novo*, a standard which applies "when a plan

3   administrator engages in flagrant violations of the procedural requirements of ERISA." *Id.* at 5.

4        On July 1, 2008, this Court concluded "that the outcome of the instant motion may turn

5   on the standard of review, and that it cannot resolve the parties' disagreement as to the

6   appropriate standard without additional information." Order at 3.  Accordingly, the Court granted

7   Bronner's motion for discovery pursuant to Fed. R. Civ. P. 56(f), specifying the "focused

8   discovery" that Bronner would be permitted to undertake. *Id.* at 7.  The Order specified that,

9   "[n]ot later than ninety (90) days from the date of the order, each party may file a supplemental

10  brief [...] addressing the implications of the foregoing discovery with respect to the pending

11  motion for summary judgment." *Id.*  As noted above, Unum was the only party to file a

12  supplemental brief within the deadline.

### II.  DISCUSSION

14       Counsel for Bronner represents that he missed the deadline because the date for filing the

15  brief inadvertently was not added to his calendaring system.  At oral argument, he also explained

16  that he delayed pursuing discovery requests that were denied by Unum because his calendar did

17  not alert him to the deadline.  Thus, Bronner requests an additional ninety (90) days to pursue the

18  focused discovery set forth in the Order and to file a supplemental brief in opposition to

19  Defendants' motion for summary judgment.  Defendants argue that Bronner has not

20  demonstrated excusable neglect or other good cause for late filing of the supplemental brief.

21       When a party misses a court-ordered deadline, "the Court may, for good cause extend the

22  time [...] on motion made after the time has expired if the party failed to act because of excusable

23  neglect." Fed. R. Civ. P. 6.  Here, the Court is faced with counsel's straightforward acceptance

24  of responsibility for a calendaring error.  Defendants do not question counsel's credibility and do

25  not explain how they would suffer actual prejudice from an extension.  Bronner maintains that he

26  has gathered potentially relevant evidence following the Order concerning Unum's claims

27  handling history and alleged bad faith.  Because "the outcome of the instant motion may turn on

28

3

1   the standard of review," Order at 5, and in the continued interest of reaching a resolution based

2   upon the merits rather than upon a procedural default, the Court finds that Bronner has shown

3   good cause for the extension and that prejudice to Defendants does not justify denial of the

4   instant application.  However, the Court has deferred determination of the Defendants' motion

5   once already and will not be sympathetic should Bronner again fail to prosecute the action with

6   diligence.

7                                                     **III.  ORDER**

8          Good cause therefore appearing, IT IS HEREBY ORDERED that Bronner's application

9   for an extension of time within which to file a supplemental brief in opposition to Defendants'

10  motion for summary judgment is GRANTED.

11         Not later than ninety (90) days from the date of the order, each party may file a

12  supplemental brief not to exceed fifteen (15) pages in length addressing the implications of the

13  discovery set forth in the prior Order.[4]  The motion for summary judgment thereafter will be

14  taken under submission without oral argument unless otherwise ordered by the Court.

15

16         IT IS SO ORDERED.

17

18  DATED: November 17, 2008

19

20                                                    JEREMY FOGEL
                                                      United States District Court

21

22

23

24

25

26  _____

27         [4]Any dispute over the nature or scope of discovery under the prior Order is referred to
    Magistrate Judge Seeborg.

28

                                                        4

Case No. C 03-05742 JF (RS)
ORDER DEFERRING DETERMINATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
GRANTING PLAINTIFF'S APPLICATION TO FILE SUPPLEMENTAL BRIEF
(JFEX1)

1   This Order has been served upon the following persons:

2

3   W. George Wailes          gwailes@carr-mcclellan.com, gllewellyn@carr-mcclellan.com

4   Laura E. Fannon           laura.fannon@wilsonelser.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 03-05742 JF (RS)
ORDER DEFERRING DETERMINATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
GRANTING PLAINTIFF'S APPLICATION TO FILE SUPPLEMENTAL BRIEF
(JFEX1)