**E-Filed 2/24/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REGINALD BRONNER, <br><br>　　　　　　Plaintiff, <br><br>　　v. <br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA ET AL., <br><br>　　　　　　Defendant. | Case Number C 03-5742 JF (RS) <br><br> ORDER[1] OVERRULING OBJECTION TO ORDER OF MAGISTRATE JUDGE <br><br> [re: doc. no. 129] |

**I.  BACKGROUND**

Plaintiff Reginald Bronner ("Bronner") objects to Magistrate Judge Seeborg's order of January 30, 2009 (the "Discovery Order"), which granted in part and denied in part Bronner's motion to compel the production of documents by Defendant Unum Life Insurance Company of America ("Unum").  The Discovery Order followed this Court's order of July 1, 2008, which granted Bronner permission to take "focused discovery" with respect to the following:

　　1.  The circumstances under which Unum denied Bronner's appeal;

　　2.  The circumstances surrounding Unum's response to Bronner's request for reassessment following the settlement agreement; and

---

[1] This disposition is not designated for publication in the official reports.

3. The findings, if any, of the Multistate Investigation with respect to Unum's alleged structural conflicts of interest.

Order at 7, July 1, 2008. On July 21, 2008, Bronner propounded the discovery requests at issue. Unum refused to produce documents in response to any request seeking information about any individual other than Bronner or on any topic not specifically identified in the order of July 1, 2008. Bronner filed a motion to compel on December 4, 2008.

The Magistrate Judge granted Bronner's motion to compel with respect to certain claim reassessment statistics and Unum's claim reassessment procedure, as these categories of documents relate to the first two categories of focused discovery permitted by this Court and also relate directly to Bronner's appeal of Unum's denial of his claim. The Magistrate Judge also granted those discovery requests that sought statistical analysis of claims submitted by similarly situated individuals. However, Bronner's requests for the actual records of other individual claimants were denied on the ground that such requests were not narrowly tailored to Bronner's purpose of showing a conflict of interest within Unum's claim appeal process.

## II. DISCUSSION

Under Fed. R. Civ. P. 72(a), the Court "must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Bronner asserts that the Discovery Order runs contrary to the recent decision by the Supreme Court in *Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (2008). Specifically, Bronner contends that *Glenn* expanded the scope of discovery allowable to ascertain structural conflicts in insurance appeals, beyond that allowable under the relevant law in place at the time Bronner's discovery requests were propounded—namely, the analytical framework set forth by the Ninth Circuit in *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc). However, both this Court and the Ninth Circuit have stated that the relevant differences, if any, in the conflict of interest analysis post-*Glenn* are negligible. *See Burke v. Pitney Bowes Inc. Long-Term Disability Plan*, 544 F.3d 1016, 1024 (9th Cir. 2008) (in *Glenn*, "the Supreme Court set forth a framework, similar to the one provided in *Abatie*, in considering whether the dual role of administering and funding an ERISA plan creates a conflict of interest."); Hr'g Tr. at 13, Oct.

31, 2008 ("Both [*Glenn* and *Abatie*], essentially, are saying that you can look at structural conflicts in evaluating whether there was an abuse of discretion, that's nothing new.").

The Magistrate Judge properly considered Bronner's discovery requests and granted those requests to the extent that they comported with this Court's order of July 1, 2008. The Magistrate Judge did not err in denying Bronner's requests seeking records of other individuals because such requests are overly broad and would run counter to the statutory intent of ERISA "to resolve disputes over benefits inexpensively and expeditiously." *Boyd v. Bert Bell/Pete Rozelle NFL Players Retirement Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005). Moreover, the Magistrate Judge recognized the relevance of the claim histories of other individuals by granting Bronner's discovery requests nine and ten, as well as discovery pursuant to requests twelve, fourteen, thirty-two, and thirty-four to the extent that those requests seek information related to the third category of focused discovery allowed by this Court, *i.e.*, the "findings, if any, of the Multistate Investigation with respect to Unum's alleged structural conflicts of interest." Such findings presumably would include a statistical analysis of the claim histories of other individuals similarly situated to Bronner. The Magistrate Judge noted that such discovery may include the final results of the Multistate Investigation as well as any documents that led to those results that also are responsive to Bronner's discovery requests. The Magistrate Judge also held that Unum must produce any evidence upon which it intends to rely in showing that no structural conflict exists. Such documents would include the relevant records of third parties, if any.

Accordingly, the objection will be overruled because the Magistrate Judge's order is not "clearly erroneous or contrary to law." *See* Fed. R. Civ. P. 72(a). *See also Burke*, 544 F.3d at 1028 n.15 ("Whether to permit discovery into the nature, extent, and effect of the Plan's structural conflict of interest is…a matter within the district court's discretion.").[2]

---

[2] Bronner also contends that the Discovery Order is clearly erroneous because it states that Bronner "may take" discovery while at the same time denying his request for leave to propound additional interrogatories and a document request. However, the Magistrate Judge simply was reiterating that Bronner is permitted to conduct discovery to the extent permitted in the Discovery Order and this Court's order of July 1, 2008.

3

1  IT IS SO ORDERED.

2

3

4  DATED: February 24, 2009

5  _____
6  JEREMY FOGEL
   United States District Judge

1 | This Order was served on the following persons:

2 | Jeremy A Burns    jburns@carr-mcclellan.com, lstumpf@carr-mcclellan.com

3 | Laura E. Fannon    laura.fannon@wilsonelser.com

4 | W. George Wailes    gwailes@carr-mcclellan.com, gllewellyn@carr-mcclellan.com, jburns@carr-mcclellan.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 03-5742 JF (RS)
ORDER OVERRULING OBJECTION TO ORDER OF MAGISTRATE JUDGE
(JFLC1)